**C. I. T. CORPORATION, Plaintiff-Appellant,**

v.

**OIL SCREW PEGGY, her engines, etc., et al., Defendants-Appellees.**

**No. 28515**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 9, 1970.

Walter W. Christy, Nigel E. Rafferty, Monroe & Lemann, New Orleans, La., for appellant.

---

Clarence F. Favret, Jr., F. Joseph Drolla, Jr., New Orleans, La., James G. Burke, Jr., New Orleans, La., for Rep. Radiomarine Corp.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

C. I. T. Corporation (C.I.T.) appeals from a judgment of the district court holding that C.I.T.'s ship's mortgage did not extend to appellee-intervenor, Radiomarine Corporation's (Radio) leased radar equipment. We affirm.[1]

C.I.T. foreclosed upon and sold the vessel OIL SCREW PEGGY pursuant to its preferred ship mortgage on which payments had become delinquent. At the time of the seizure and sale, leased radar equipment owned by Radio was aboard the vessel. The radar equipment was leased by Radio to the vessel's owner, Golden Rule Towing Company (Golden Rule), subsequent to the execution of C.I.T.'s mortgage. C.I.T. was the successful bidder at the ship's auction and was still in possession when Radio intervened claiming ownership of the leased radar equipment.

The radar was not intended to be a permanent part of the ship. There is no evidence or claim that the radar equipment, i.e. one (1) CRM-N6A-10 Radar, 115 VAC, was so embedded in and attached to the OIL SCREW PEGGY that removal would destroy the vessel. The lease agreement was for a period of five years at $75 per month with no in-tent to pass title expressed. It provided that possession was to revert to Radio at the end of the lease period or upon default in monthly installments.

This case does not involve rival lien "priorities." Rather, it concerns an *ownership* interest in equipment leased to the ship's owner and installed aboard the vessel. In U. S. v. FV Golden Dawn, (D.C.E.D.N.Y.1963) 222 F.Supp. 186, 188, the mortgage-lien-lease relationship is clarified:

"The present mortgage has the preferred status defined in 46 U.S.C.A. § 953 and the access to admiralty for enforcement granted to it by 46 U.S.C.A. § 951; it has not the nature of a preferred maritime lien nor does it operate as they do; it remains a security instrument pledging, essentially, the mortgagor's interests of ownership for the payment of his—not the ship's—debts. Nothing in the nature of the ship mortgage, nor in the terms of its statutory implementation, suggests that its lien should extend to what the mortgagor did *not own and had no right to acquire*." (Emphasis added)

Here, the district court correctly found that Golden Rule did not own or have a right to acquire Radiomarine's radar equipment. Furthermore, it was not error for the district court to hold that Radiomarine was the owner of the leased radar and entitled to remove it from the vessel, or, if Radiomarine so elects, to lease it to C.I.T.'s prospective purchaser. The judgment is

Affirmed.

[1] Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].