REDMANN, Judge.
One loss payee on a vessel-and-equipment insurance policy appeals from a judgment which awarded the entire $16,000 policy proceeds to another in this concursus brought by the assurer after a constructive total loss. We amend to award to appellant a share proportionate to its insurable interest.
The question is one of contract law. The policy provides, with no explanation or limitation, “loss payable to” three named persons (the assured owner being the third). The two payees who asserted claims in the concursus are a preferred mortgagee of the vessel (owed $16,137.25) and the lessor-owner of the vessel’s radar (owed $2,317.40). Under basic contract law (e. g., La.C.C. 2081) an obligation contracted towards several persons is a joint obligation which, in the absence of other considerations, suggests that the obligees are entitled, as among themselves, to virile shares. One other consideration here is that the two claimants have disparate insurable interests (the radar lessor’s being far less than a third of the insurance proceeds). A second consideration is that the radar lessor itself requested of the assurer that it be added as a loss payee, without increase in amount of insurance, to the renewal of the policy which previously provided loss payable only to owner and mortgagee.
That last circumstance provides no basis for excluding the radar lessor from at least pro-rata participation in the proceeds.[1] If the addition to the policy of the lessor as a loss payee were not authorized or ratified by the assured it could be held ineffective, since the contract is between assured and assurer. But the mortgagee has not shown absence of authorization. Therefore the radar lessor must remain a loss payee.
The ultimate goal is to distribute the proceeds in accord with the assured’s intent in contracting for the insurance, which had to be to provide for his named creditors, although not beyond their insurable interests in the insured vessel and equipment. The disparateness of their insured interests is inconsistent with an intent that they should share alike. Because the basic rule of distribution of a debtor’s assets among his creditors is proration in the absence of some lawful preference (C.C. 3183), we conclude that, in the absence of evidence to the contrary, the intent of the assured in, and therefore the result of, naming loss payees without any qualification is that each should receive a part of the proceeds proportionate to his insurable interest.
The judgment is reversed only insofar as it rejected the radar lessor’s claim, and there is judgment for Louisiana National Leasing Corporation for 2,317.49/18,454.65 of the funds in the district court clerk’s hands attributable to this concursus after all costs are paid.

. We note that the mortgagee does not attach to the radar, C. I. T. Corp. v. Oil Screw Peggy, 5 Cir. 1970, 424 F.2d 767, so that the mortgagee would not “outrank” the radar lessor even if there were a policy provision making the insurance proceeds subject to the priorities applicable to the vessel and equipment.